No. 73–1682. BLANK v. CALIFORNIA. App. Dept., Super. Ct. Cal., County of Los Angeles. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Miller* v. *California*, 413 U. S. 15, 42–47 (DOUGLAS, J., dissenting); *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 70–73 (DOUGLAS, J., dissenting), would grant certiorari in this case and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Municipal Court of Los Angeles of exhibiting an allegedly obscene motion picture in violation of Cal. Penal Code § 311.2 (a) (1970), which provides in pertinent part as follows:

> "Every person who knowingly ... exhibits to others, any obscene matter is guilty of a misdemeanor."

As used in § 311.2:

> " 'Obscene matter' means matter, taken as a whole, the predominant appeal of which to the average person, applying contemporary standards, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex, or excretion; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is utterly without redeeming social importance." § 311 (a).

On appeal to the Appellate Department of the Superior Court of California for the County of Los Angeles, the case was held to await this Court's decisions in *Kaplan* v. *California,* 413 U. S. 115 (1973), and related cases. The Appellate Department then affirmed the conviction, and certification to the Court of Appeal was denied.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 311.2, as it incorporates the definition of "obscene matter" in § 311 (a), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgment of the Appellate Department was rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1974) (BRENNAN, J., dissenting).

Further, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ulti-

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

mately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.